IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEANELLE D. HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-00453-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeanelle Harrell brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 23.)

Upon consideration of the administrative record ("R.") (Doc. 18), Harrell's brief (Doc. 19), the Commissioner's brief (Doc. 20), and the arguments presented at the hearing held May 13, 2014 (*cf.* Doc. 21), the Court has determined that the Commissioner's decision denying Harrell benefits should be **REVERSED** and **REMANDED** for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment shall be made directly to the Eleventh Circuit Court of Appeals. (*See* Doc. 23.)

## I. Procedural Background

Harrell protectively filed an application for SSI on January 4, 2011 (R. 128-133), alleging a disability onset date of December 1, 2009 (*see* R. 128). Her application was initially denied. (*See* R. 70-75.) A hearing was then conducted before an Administrative Law Judge on May 10, 2012. (*See* R. 35-60.) On July 9, 2012, the ALJ issued a decision finding Harrell not disabled (R. 17-34), and Harrell sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on August 2, 2013 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on September 13, 2013 (*see* Doc. 1).

## II. Standard of Review and Claim on Appeal

In all Social Security cases, a plaintiff (sometimes referred to herein as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether a plaintiff has met this burden, and thus proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the [plaintiff] is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment

2

meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court, then, is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."

3

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Harrell presents a single reason why the Commissioner's decision to deny her benefits is in error (*i.e.,* is not supported by substantial evidence): at the fifth step of the sequential analysis, the ALJ erred in applying the medical vocational guidelines (the "grids") instead of relying on the testimony of the vocational expert (the "VE").[2]

## III. <u>Analysis</u>

The Commissioner concedes that the ALJ erred by relying on the grids, yet

---

[2] In "certain circumstances," the use of the grids allows an ALJ to fulfill his or her step-five duty without obtaining VE testimony. *See Justiniano v. Commissioner of Soc. Sec.*, No. 6:11–cv–1576–Orl–GJK, 2013 WL 625545, at *4 (M.D. Fla. Feb. 20, 2013) ("In 1978, the Secretary of the Department of Health and Human Services promulgated the medical vocational guidelines, which may, in certain circumstances, allow an ALJ to determine at step-five whether a claimant may engage in other kinds of substantial gainful work existing in significant numbers in the national economy based upon the Claimant's age, education, work experience, and RFC without introducing testimony from a VE." (citing *Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983) (in which the Supreme Court stated the grids were promulgated "[t]o improve both the uniformity and efficiency of [the VE determination of suitable jobs in the national economy]"))); *see also id.* ("When the grids are properly used, there is no need to introduce independent evidence of specific jobs that are available in significant number that the claimant can perform." (citing *Gibson v. Heckler*, 762 F.2d 1516, 1520 (11th Cir. 1985))).

4

nevertheless contends that the decision should be affirmed. (*See* Doc. 20 at 3.) As this Court has held, to carry his or her burden at the fifth step of the sequential analysis, "to establish that Plaintiff could perform other work that exists in the national economy[,]" an ALJ

> can either exclusively rely on the grids when each variable on the appropriate grid accurately describes the plaintiff's situation or call a VE. *See Phillips*, 357 F.3d at 1239-40. However, exclusive reliance on the grids is only appropriate when the plaintiff is able to perform a full range of work at a given functional level or when a plaintiff has nonexertional impairments that do not significantly limit basic work skills. *Id.* at 1243; *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987) ("The grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation.").

*Jones v. Astrue*, 863 F. Supp. 2d 1142, 1150 (S.D. Ala. 2012) (Bivins, M.J.) (internal citations modified and footnote omitted); *see also Justiniano v. Commissioner of Soc. Sec.*, No. 6:11–cv–1576–Orl–GJK, 2013 WL 625545, at *8-9 (M.D. Fla. Feb. 20, 2013) ("[A]n ALJ must first determine whether a claimant is capable of performing unlimited types of work or a full range of work at a given exertional level based solely on the claimant's exertional limitations. If a claimant's exertional limitations are such that he cannot perform a full range of work at the given exertional level, the ALJ must consult a VE. If a claimant's exertional limitations permit a full range of work at a given functional level, then the ALJ must analyze whether the nonexertional impairments further limits the claimant's ability to work at that exertional functional level. . . . If the ALJ determines that the nonexertional limitations prevent a wide range of work at the exertional level, the ALJ may not

5

rely upon the grids as a framework and must consult a VE." (citing *Phillips*, 357 F.3d at 1242-43)).[3]

Applying this framework, the Court first notes that the ALJ determined Harrell "has the [RFC] to perform a full range of medium work as defined in 20 CFR 416.967(c) ***except***" for eleven more lines of detailed additional limitations. (R. 24 (emphasis added).)[4] Even if all these additional limitations—some related to her ability to climb and work around heights and her need to "change positions throughout the workday" ("stand up and move around, walk instead of stand, or sit instead of walk")—are classified as strictly nonexertional limitations, they almost certainly prevent, as is clearly shown in the ALJ's assigned RFC, a wide range of work at the assigned (medium) exertional level. *See, e.g., Payton v. Astrue*, Civil Action No. 8:10–cv–2276–DCN–JDA, 2012 WL 630218, at *9-11 (D.S.C. Feb. 10, 2012) (in which the ALJ limited the plaintiff to sedentary work, but then "reduced"

---

[3] As this Court noted in *Jones*, "[a]n 'exertional impairment' for social security disability purposes is an impairment which places limits on an individual's ability to meet job strength requirements[,]" whereas "[n]onexertional limitations affect an individual's ability to meet other work-related demands, and include pain, side effects from medications, colon discomfort, mental impairments, tolerating environmental working conditions, hearing or speaking, and the inability to walk without an assistive device." 863 F. Supp. 2d at 1150 n.11 (citing *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995); *Phillips*, 357 F.3d at 1241 & n.11; *Watson v. Astrue*, 376 Fed. App'x 953, 957 n.7 (11th Cir. Apr. 28, 2010) (per curiam)).

[4] The ALJ determined that Harrell has the following severe impairments: "interstitial cystitis, history of urinary tract infections and bladder tack, arthralgias, anxiety, depression, and personality disorder." (R. 22.) These impairments, recognized as "severe," are clearly nonexertional. While the last three listed are mental impairments, the others are arguably related to "colon discomfort," in that interstitial cystitis, the Court notes, is a long-term inflammation of the bladder wall; bladder tack, the Court further notes, is a surgical procedure performed to reduce leakage in the urinary column and/or due to urinary incontinence; and arthralgia, the Court also notes, is joint pain.

6

the RFC "because of some measure of subjective pain to include significant limitations in the amount she could stand, walk, lift, carry, reach overhead with the right arm, push/pull, climb, stoop and crouch, considering, in particular, the relatively minimal exertional requirements of sedentary work as further reduced by the various additional limitations within the [RFC]"), *report and recommendation adopted*, 2012 WL 638734 (D.S.C. Feb. 27, 2012).

In *Payton*, the court concluded that

> while the courts have recognized that not every nonexertional limitation or malady rises to the level of a nonexertional impairment so as to preclude reliance on the grids, the proper inquiry is "whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." There is no discussion in the ALJ's decision[—***there, just like here*** (*see* R. 29)—]regarding the effect of these nonexertional limitations on Plaintiff's ability to perform work within a particular grid category. For these reasons, the Court cannot conclude the ALJ's decision with respect to Plaintiff's ability to perform other work is supported by substantial evidence, and accordingly, the Court recommends the Commissioner's decision be reversed and remanded.

*Id.* at *11 (quoting *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir.1984)). Thus, the undersigned agrees with the Commissioner that it was clearly error for the ALJ to rely on the grids to fulfill her fifth step burden.

The undersigned, however, does not agree with the Commissioner that the ALJ's error is harmless. The ALJ failed to carry her burden "to establish that [Harrell] could perform other work that exists in the national economy[.]" *Jones*, 863 F. Supp. 2d at 1150. It is to no avail that the ALJ may have elicited testimony from a VE at the hearing regarding work Harrell could perform ***because*** the ALJ, for whatever reason, chose not to rely on that testimony in her decision denying

7

Harrell benefits. For that reason, the Commissioner's argument that this Court should "read between the lines" and affirm the ALJ's decision anyway because "the ALJ already obtained vocational expert testimony, which[—counsel for the Commissioner on appeal, ***not the ALJ***, believes—]clearly established that [Harrell] was not disabled" (Doc. 20 at 3) must be rejected. *See Justiniano*, 2013 WL 625545, at *9 n.10 ("Although the Commissioner acknowledges that the ALJ did not rely upon the testimony of the VE at step-five, the Commissioner maintains that the VE's testimony supports the ALJ's ultimate findings. However, the Eleventh Circuit has recently stated that 'a court may not accept appellate counsel's *post hoc* rationalizations for agency actions,' and '[i]f an action is to be upheld, it must be upheld ***on the same bases articulated in the agency's order***.'" (quoting *Baker v. Commissioner of Soc. Sec.*, 348 Fed. App'x 893, 896 (11th Cir. June 23, 2010) (per curiam) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974))) (emphasis added)); *see also Messer v. Astrue*, No. 5:11–CV–00088–RLV–DSC, 2012 WL 6553125, at *3 (W.D.N.C. Dec. 14, 2012) (also addressing a harmless error argument in context of a fifth-step determination—"the Court rejects the Commissioner's harmless-error argument. A reviewing court 'must judge the propriety of [agency] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be the more adequate or proper basis.'" (quoting *Security & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947))).

## IV. Conclusion

It is accordingly **ORDERED** that the decision of the Commissioner of Social Security denying Harrell benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of May, 2014.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**