# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JEANELLE D. HARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-00453-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A), Federal Rules of Civil Procedure, on Plaintiff's petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 26), filed August 5, 2014, and the Commissioner of Social Security's response (Doc. 29), filed August 13, 2014. In that response, the Commissioner informs the Court the parties met and conferred regarding the pending motion and "agreed to a slightly reduced award" based on a clerical error in the petition. (Doc. 29 at 1.) "Given this clarification, [as to the amount of hours,] the parties have agreed to an award of $930.00 reflecting five hours of attorney time at $186.00 an hour." (*Id.*)

The response goes on to discuss that while, generally speaking, EAJA fees are paid to a plaintiff and not his or her attorney, *see Astrue v. Ratliff*, --- U.S. ----, 130 S. Ct. 2521, 2526 & 2526-27 (2010), there are instances in which such fees may be paid directly to an attorney. As to any assignment by Plaintiff of the EAJA attorney's fee amount to her attorney, this Court continues to honor what it believes is the best

practice: to "remain silent regarding the direction of payment of those fees." *E.g., Varner v. Astrue*, No. 3:09–cv–1026–J–TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011).[1] Therefore, because the Court finds the agreed upon amount reasonable, the parties' stipulation (*compare* Doc. 26, *with* Doc. 29) is due to be and hereby is **GRANTED**, and Plaintiff is awarded **$930.00** in attorney's fees pursuant to the Equal Access to Justice Act.

**DONE** and **ORDERED** this the 14th day of August, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] "In light of *Ratliff*, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees." *Id.*